IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **Criminal No. 04-96** |
| | ) | **Civil Action 08-cv-765** |
| RONALD LENWOOD WINGFIELD | ) | |

## MILLER NOTICE AND ORDER

**TO THE PETITIONER IN THE ABOVE ACTION**:

You have filed a Motion to Vacate Sentence Under 28 U.S.C. § 2255 (doc. no. 104). You are hereby notified that federal law requires that you include <u>all</u> of your federal constitutional claims challenging a specific conviction and sentence in <u>one petition</u> seeking habeas corpus relief pursuant to 28 U.S.C. § 2255.

The United States Court of Appeals for the Third Circuit held in <u>United States v. Miller</u>, 197 F.3d 644 (3d Cir. 1999) that, upon receipt by the United States District Court of a pro se petition challenging an inmate's conviction or incarceration, whether titled or styled as a "section 2255" motion or something else, the District Court "should issue a notice to the petitioner regarding the effect of his pleadings." This <u>Miller</u> notice should advise the petitioner of the following:

Option 1. You can have your motion ruled upon as filed.

Option 2. If your motion is not styled as a section 2255 motion, this Court can re-characterize your motion as a section 2255 motion and resolve it as such, but in that case, you will lose your ability to file a second and successive petitions absent certification by the Court of Appeals.

Option 3. You may withdraw the motion, and file one all-inclusive section 2255

petition within the one-year statutory period under the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244.

This same notice applies to a pro se petition filed by a state prisoner pursuant to 28 U.S.C. § 2254. <u>Mason v. Meyers</u>, 208 F.3d 414, 418 (3d Cir. 2000).

In other words, if this Court considers and denies your petition as filed and the claims you raise in this petition on the merits, you will not be able to file a second or subsequent petition at a later time challenging the same conviction on other grounds, absent exceptional circumstances and the issuance of a certificate of appealability by the United States Court of Appeals for the Third Circuit.

Because your motion is explicitly captioned a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (doc. no. 104), Option 2 does not apply. Therefore, you are hereby directed to consider this <u>Miller</u> Notice, and to make an election between Option 1 (to have your motion ruled upon as filed) or Option 3 (withdraw your motion, in which case you may file one all-inclusive section 2255 petition within the one-year statutory period under the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244).

Accordingly,

**AND NOW, this 5th day of June, 2008,** it is **HEREBY ORDERED** that petitioner Ronald Wingfield shall file his "Statement of Intent" on or before **August 1, 2008**, setting forth his intention to either have his Motion to Vacate Sentence Under 28 U.S.C. § 2255 ruled upon as filed (and lose his ability to file a second or successive petitions absent certification by the court of appeals), or withdraw his motion, in which case he

may file one all-inclusive § 2255 petition subject, however, to the one-year from final judgment statutory period prescribed by AEDPA for section 2255 petitions.

If petitioner exercises Option 3, the time for filing his "one all-inclusive § 2255 petition" will be tolled an additional 120 days from the date he files such Statement of Intent. United States v. Miller, 197 F.3d at 653. This Court does not read Miller, however, as reviving any claims that already may have been extinguished as untimely or as foreclosing the Government's right to challenge any additional claims raised therein as untimely.

In the event petitioner does not file his Statement of Intent on or before **August 1, 2008**, this Court will proceed to determination of his motion as a section 2255 motion, with the attendant consequences under AEDPA. United States v. Miller, 197 F.3d at 652, n.7.

                                                        s/ Arthur J. Schwab
                                                        Arthur J. Schwab
                                                        United States District Judge

cc: all counsel of record

    Ronald Lenwood Wingfield
    08080-068
    USP Big Sandy
    P O Box 2068
    Inez, KY 41224